The Honorable H. Lacy Landers State Representative 524 River Street Benton, AR 72015
Dear Representative Landers:
This is in response to your request for an opinion concerning immunity of non-profit organizations and the Volunteer Immunity Act of 1987. [A.C.A. 16-6-101, et seq. (Supp. 1987)].
1) Does incorporation as a non-profit organization in the State of Arkansas protect the membership and uncompensated elected officials from liability lawsuits that might be brought against the organization?
2) Does the Volunteer Immunity Act of 1987 protect the elected officials of the non-profit organization from liability lawsuits directed at the organization?
3) Must a non-profit organization such as a hunting club obtain tax exempt status under Section 501 of the Internal Revenue Code of 1954 to be covered by the Volunteer Immunity act of 1987?
4) Are non-compensated elected officials of a non-profit organization considered volunteers by the Volunteer Immunity act of 1987?
The answer to your first question, as posed, is "no"; incorporation as a non-profit corporation does not automatically render members and elected officials immune from liability. These persons may, however, have immunity in certain situations.
Two recent Arkansas acts govern the issue. They are the Arkansas Volunteer Immunity Act of 1987, as you have noted, and Act 970 of 1987, [A.C.A. 16-120-101, et seq. (Supp. 1987)], entitled "Immunity from Tort Liability". The latter act governs the immunity of members of governing bodies of governmental entities, whether elected or not, and directors of non-profit corporations, whether elected or not. The former act may provide immunity, if all of its definitions apply, to "members" of non-profit organizations. The Volunteer Act provides immunity, with certain exceptions, even to volunteers committing the acts upon which liability is premised, while Act 970 only grants immunity to directors and governing members for the acts of others. They are liable for personal negligence under Act 970. Reference must be made in each case to the particular facts giving rise to the applicability or non-applicability of the acts, but the mere fact of non-profit incorporation itself provides no immunity.
I assume that your second question is asked with respect to a not-for-profit corporation which has obtained federal tax exempt status. See A.C.A. 16-6-103(2) (Supp. 1987). It must be noted in this regard that the Volunteer Immunity Act does not limit the liability of any "volunteer agency." See A.C.A. 16-6-104(c) (Supp. 1987). Thus, if suit is filed naming the organization, this Act will not come into play. If your question includes a scenario in which elected officials are named individually as defendants, resolution of the issue will require a determination of whether the official falls within the definition of a "qualified volunteer" under the Volunteer Immunity Act. Since this is your fourth question, we will now address that issue.
Subsection (1) of 16-6-103 (Supp. 1987), the definitional section of the Volunteer Immunity act, defines a "qualified volunteer" as:
 any person who, if free will, provides goods or services without financial compensation to or through any volunteer agency in connection with a volunteer program.
 "Volunteer agency" is defined as" any volunteer program of all departments, institutions, and divisions of state government, community volunteer organization, or any not-for-profit corporation which has received a 501(c)(3) designation from the United States Internal Revenue Service, other than one established principally for the recreational benefit of its stockholders or members. . .
A.C.A. 16-6-103(2) (Supp. 1987).
The answer to this question may turn on the capacity in which the elected official serves in connection with the non-profit organization. If the individual is an elected public official whose involvement with the organization is part of his official duties, it is my opinion that the Volunteer Immunity act will generally be inapplicable. It may be successfully contended in this regard that the legislature did not intend to extend provisions of that Act to such an official. A conclusive response to this question will therefore turn on the particular facts in each situation, including the actual position in question and the nature of that person's involvement with the non-profit organization. The same is true under A.C.A. 19-10-305 as regards "state officer and employees". To the extent the individual is a state officer or employee, and the action complained of is within the course and scope of that employment 19-10-305 will provide immunity.
Your third question does not lend itself to a "yes" or "no" answer because even if a hunting club were to obtain federal tax exempt status, its members still would in all likelihood not be covered under the Volunteer Immunity Act. As noted earlier, that act does not apply to agencies "established principally for the recreational benefit of its stockholders or members." A.C.A.16-6-103(2). It is my opinion that based upon the wording of the statute, other "not-for-profit" corporations must have tax-exempt status for their "volunteers" to enjoy immunity under the act.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorneys General Elana L. Cunningham and Elisabeth A. Walker.